{¶ 24} I concur with the majority analysis and opinion. I am sensitive to the views expressed by Judge Kilbane in her thoughtful dissent outlining the good faith effort of Robertson to obtain a simple public document. Robertson's efforts, unfortunately, do not invalidate the trial court's finding that she was discharged for just cause.
 {¶ 25} The trial court's determination was predicated on Robertson's failure to secure a license. It was not based on the failure of various administrative agencies to provide Robertson the record she requested. The license was a prerequisite to her further employment.
 {¶ 26} An appellate court cannot substitute its judgment for that of the common pleas court except within its limited statutory scope of review and is to determine only if the common pleas court abused its discretion. Henley v. Youngstown Bd. ofZoning Appeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493, quotingKisil v. Sandusky (1984), 12 Ohio St.3d 30, 34.
 {¶ 27} Where administrative appeals are concerned, an appellate court must affirm the decision of the common pleas court unless it finds, as a matter of law, that the decision is not supported by a preponderance of reliable, probative, and substantial evidence. In this instance, Robertson did not have a license and, thus, she was discharged for good cause.
 {¶ 28} This action is not a review of the failure of certain public agencies to provide Robertson with the appropriate documentation relating to her arrest. Had this been a mandamus action to compel the governmental agencies to act, the result might well have been different.
 DISSENTING OPINION